Bruce Sostek (Admitted Pro Hac Vice)
  bruce.sostek@tklaw.com
Max Ciccarelli (Admitted Pro Hac Vice)
  max.ciccarelli@tklaw.com
Vishal Patel (Admitted Pro Hac Vice)
  vishal.patel@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh St., Ste 1500
Dallas, TX  75201
Tel:    (214) 969-1700

Elizabeth Day (SBN 177125)
  eday@feinday.com
David Alberti (SBN 220625)
  dalberti@feinday.com
Marc Belloli (SBN 244290)
  mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel.:    (650) 618-4360
Fax:    (650) 618-4368

Attorneys for Defendant
SEVEN Networks, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GOOGLE INC.,<br><br>　　PLAINTIFF,<br><br>v.<br><br>SEVEN NETWORKS, LLC,<br><br>　　DEFENDANT. | CASE NO. 3:17-CV-04600-WHO<br><br>**SEVEN NETWORKS, LLC'S NOTICE OF MOTION AND RENEWED MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) OR, IN THE ALTERNATIVE, FIRST-TO-FILE RULE**<br><br>JUDGE:　　Hon. William H. Orrick<br>DATE:　　December 20, 2017<br>TIME:　　2:00 P.M.<br>COURTROOM:　2, 17th Floor |

SEVEN Network's Renewed Motion to Dismiss—3:17-cv-04600-WHO

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Notice of Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Issues To Be Decided (L.R. 7-4(3)) . . . . . . . . . . . . . . . . . . . 1

Statement of Relevant Facts (L.R. 7-4(4)) . . . . . . . . . . . . . . . . . . . . . . . 1

Motion to Dismiss Under Rule 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        1. General Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2. Specific Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. This Court does not have jurisdiction over SEVEN . . . . . . . . . . . . . . . . 5

        1. There is no general jurisdiction—SEVEN is not "at home" in California. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2. There is no specific jurisdiction—SEVEN has not engaged in defense or enforcement activities related to the patents-in-suit in California. . . . . . . . . . . . . . . . . . . . . . 7

            a. Allegations that SEVEN previously had connections to California do not establish personal jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            b. Allegations that SEVEN attempted to license and exploit its patents in California do not establish personal jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            c. Allegations that SEVEN previously brought declaratory-judgment actions of noninfringement in this District do not establish personal jurisdiction. . . . . . . . . 8

            d. Allegations that people associated with SEVEN live or work in this District do not establish jurisdiction. . . . . . . . . 9

   e. Allegations that a California company owns and invests in SEVEN do not establish jurisdiction. . . . . . . . . . . . . . . . . . 10

   f. Allegations that SEVEN requires its licensees to litigate in this District do not establish jurisdiction. . . . . . . . . . . . . . . . 10

Alternative Motion to Dismiss or Stay Under the First-to-File Rule . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases**

*Akro Corp. v. Luker*,
  45 F.3d 1541 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*AM Trust v. UBS AG*,
  681 F. App'x 587 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  552 F.3d 1324 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9, 11

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
  444 F.3d 1356 (Fed. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

*Delphix Corp. v. Embarcadero Techs., Inc.*,
  No. 16-cv-606-BLF, 2016 WL 4474631 (N.D. Cal. Aug. 25, 2016) . . . . . . . . . . 6, 7

*Fields v. Sedgwick Associated Risks, Ltd.*,
  796 F.2d 299 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11

*Int'l Shoe Co. v. Wash.*,
   326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*,
   859 F.3d 1032 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 8

*Pacesetter Sys., Inc. v. Medtronic Inc.*,
   678 F.2d 93 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Power Integrations, Inc. v. ON Semiconductor Corp.*,
   No. 16-cv-6371-BLF, 2017 WL 1065334 (N.D. Cal. Mar. 21, 2017). . . . . . . . . . . . 12

*Radio Sys. Corp. v. Accession, Inc.*,
   638 F.3d 785 (Fed. Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Serco Servs. Co. v. Kelley Co.*,
   51 F.3d 1037 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Trend Micro Inc. v. RPost Holdings, Inc.*,
   No. 13-cv-5227-WHO, 2014 WL 1365491 (N.D. Cal. Apr. 7, 2014). . . . . . . . . . . 12

*Viam Corp. v. Iowa Export-Import Trading Co.*,
   84 F.3d 424 (Fed. Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
   848 F.3d 1346 (Fed. Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 8

**Statutes**

28 U.S.C. § 1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Rules**

Fed. R. Civ. P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Treatises**

14D Charles Alan Wright & Arthur R. Miller,
   *Fed. Prac. & Proc.* § 3823 (3d ed. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**NOTICE OF MOTION**

Please take notice that on December 20, 2017, at 2:00 p.m., before the Honorable William H. Orrick in Courtroom 2, 17th floor of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant SEVEN Networks, LLC (SEVEN) will move the Court for an order dismissing Google, Inc.'s suit under Federal Rule of Civil Procedure 12(b)(2) for lack of jurisdiction. In the alternative, if the Court determines that SEVEN is subject to jurisdiction in this District, SEVEN moves to dismiss Google's suit under the first-to-file rule.

Specifically, SEVEN requests that the Court dismiss the suit under Rule 12(b)(2) for lack of personal jurisdiction because SEVEN is not incorporated in California, its principal place of business is not in California, and it has not sought to enforce or defend the patents-in-suit in California. In the alternative, and again only if the Court determines SEVEN is subject to jurisdiction in this District, SEVEN requests that the Court dismiss or stay this case under the first-to-file rule because there is a case pending in the Eastern District of Texas that was filed first and that involves the same parties and issues.

**STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4(3))**

1. Whether Google's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) because this Court lacks jurisdiction over SEVEN.

2. In the alternative, if this Court determines that it has jurisdiction over SEVEN, whether Google's First Amended Complaint should be dismissed under the first-to-file rule.

**STATEMENT OF RELEVANT FACTS (L.R. 7-4(4))**

SEVEN is a Delaware limited liability company based in Marshall, Texas, that develops software for mobile devices and wireless networks.[1] Although it was previously based in this District, SEVEN moved its corporate headquarters to Marshall in 2015, where it employs nine people, including three full-time engineers, as well as customer-service, quality-assurance,

---

[1] See **Ex. A**: Declaration of Ross Bott, Ph.D. ¶¶ 2, 4.

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO      – 1 –

product-management, finance, and systems personnel.[2] On May 17, 2017, SEVEN sued Google for patent infringement in the Eastern District of Texas, asserting ten patents against Google.[3] Google moved to dismiss that case for improper venue under Rule 12(b)(3) or, in the alternative, to transfer it to this district under 28 U.S.C. § 1404(a). Both of those motions are pending.

On August 10, 2017—nearly three months after SEVEN brought the Texas action—Google filed this suit seeking declaratory judgment that it does not infringe the patents at issue in Texas.[4] SEVEN here moves to dismiss Google's suit under Rule 12(b)(2) for lack of personal jurisdiction. SEVEN is incorporated in Delaware,[5] its principal place of business is in Texas, and it has never sought to enforce or defend the patents-in-suit in California.[6] Under these facts, Google cannot establish personal jurisdiction over SEVEN, and the case should be dismissed. In the alternative, the case should be dismissed under the first-to-file rule or stayed until the Texas court rules on Google's venue motions. Without question, the Texas suit was filed before this one, and the two cases involve the same parties (SEVEN and Google) and the same issues (infringement–noninfringement of the same ten patents).

---

[2] **Ex. A**: Bott Dec. ¶¶ 4–5. The number of SEVEN's employees in Marshall has remained relatively constant since it relocated to Marshall in 2015. *Id.* ¶ 5.

[3] *See* **Ex. B**: Complaint for Patent Infringement, *Seven Networks, LLC v. Google Inc.*, No. 2:17-cv-442-JRG (E.D. Tex. Mar. 17, 2017) (ECF No. 1) (asserting U.S. Pat. Nos. 8,078,158; 8,811,952; 9,247,019; 9,325,600; 9,351,254; 9,386,433; 9,444,812; 9,516,127; 9,516,129; and 9,553,816). SEVEN later filed a First Amended Complaint against Google on August 22, 2017, asserting the same patents (*see* **Ex. C**: SEVEN's First Amended Complaint in the Texas action).

[4] Google later filed a First Amended Complaint for Declaratory Relief of Non-Infringement (ECF No. 44) on November 1, 2017.

[5] SEVEN is a limited liability company, not a corporation, so technically its articles of *formation* were filed in Delaware. Regardless, it is a Delaware company for purposes of this motion. *See, e.g.*, *Daimler AG v. Bauman*, 134 S. Ct. 746, 762 (2014) (finding Delaware limited liability company Mercedes-Benz USA, LLC not "incorporated" in California for purposes of general-jurisdiction analysis).

[6] **Ex. A**: Bott Dec. ¶¶ 2–9.

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO     – 2 –

**MOTION TO DISMISS UNDER RULE 12(b)(2)**

**A. Legal Standards**

In patent actions, Federal Circuit law determines whether there is personal jurisdiction over defendants. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017). Under that law, "[d]etermining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). "[B]ecause California's long-arm jurisdictional statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Id.* at 1360. "[D]ue process requires only that . . . [defendants] have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

    **1. General Jurisdiction**

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction exists if a defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 134 S. Ct. at 760 (quotation marks, citation, and alterations omitted). "Those affiliations have the virtue of being unique— that is, each ordinarily indicates only one place—as well as easily ascertainable." *Id.* Thus, to establish general jurisdiction over a corporation in a different forum, the plaintiff must demonstrate not only that the corporation has "continuous and systematic" contacts with the forum—that alone is insufficient—but also that the "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 761 (quotation marks and citation omitted); *see also AM Trust v. UBS AG*, 681 F. App'x 587, 588 (9th Cir. 2017) ("[Defendant]'s operations in California are not 'so substantial and of such a

nature as to render the corporation at home in that State.'") (quoting *Daimler*, 134 S.Ct. at 761 n.19).

### 2. Specific Jurisdiction

"[T]o satisfy due process requirements for establishing specific jurisdiction over a defendant, the plaintiff must show that [i] the defendant purposely directed its activities at residents of the forum and [ii] that the plaintiff's claim arises from or relates to those activities. In addition, the plaintiff must satisfy the court that the assertion of personal jurisdiction under the circumstances is reasonable and fair." *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). "The first two factors correspond with the 'minimum contacts' prong of the *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) analysis, and the third factor corresponds with the fair play and substantial justice prong of the analysis." *Xilinx*, 848 F.3d at 1352 (quotation marks and brackets omitted).

In the context of an action for declaratory judgment of noninfringement, specific jurisdiction may be established only if the defendant–patentee engaged in enforcement or defense activities related to the patents-in-suit in the forum. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332–33 (Fed. Cir. 2008); *see also Radio Sys.*, 638 F.3d at 789 ("[O]nly those activities of the patentee that relate to the enforcement or defense of the patent can give rise to specific personal jurisdiction for such an action."); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009) ("[O]nly enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a declaratory judgment action against the patentee.").

Cease-and-desist letters sent into a forum, for example, may be relevant contacts in the personal-jurisdiction analysis, but they cannot establish jurisdiction on their own. *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037–38 (Fed. Cir. 2017).[7] The Federal

---

[7] *See also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360–61 (Fed. Cir. 1998) ("Principles of fair play and substantial justice afford a patentee sufficient

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO      – 4 –

Circuit has "consistently required the defendant to have engaged in 'other activities' in addition to cease-and-desist letters that relate to the *enforcement* or the *defense of the validity* of the relevant patents." *Avocent*, 552 F.3d at 1334 (emphasis in original). Examples of such "'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an *exclusive* license agreement[8] or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* at 1334 (emphasis added) (citing cases).

Further, the analysis of these factors must focus on the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). "[M]ere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125.

**B. This Court does not have jurisdiction over SEVEN.**

Google's claim that this Court has personal jurisdiction over SEVEN is based on the following allegations:

- Between 2000 and 2015 SEVEN and its predecessor, SEVEN Networks, Inc., were based in this District.[9]

- In 2014, SEVEN attempted to license or sell its patent portfolio to a company based in San Francisco.[10]

---

latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. . . . Grounding personal jurisdiction on such contacts alone would not comport with principles of fairness.").

[8] The mere existence of an exclusive license, however, does not support a finding of specific jurisdiction. *New World Int'l*, 859 F.3d at 1038. "What matters . . . is whether the agreement between the patent holder and the exclusive licensee imposes an obligation on the patent holder to enforce or defend the patent on behalf of the licensee that is engaged in exploiting the patent rights in the forum state." *Id.* at 1039.

[9] *See* Complaint ¶¶ 8, 9.

[10] *See id.* ¶ 15.

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO     – 5 –

- After Visto Corporation accused SEVEN of infringing its patents, SEVEN brought three declaratory-judgment actions against Visto Corporation in this District, over ten years ago.[11]
- Individuals related to SEVEN live or work in this District.[12]
- A company based in this District that "back[s] and invest[s]" in SEVEN works with SEVEN to exploit SEVEN's patent portfolio.[13]
- When SEVEN licenses its intellectual property, it requires its licensees to submit to the jurisdiction of courts in California to resolve disputes arising out of or related to the agreements.[14]

Even if true, none of these allegations would establish jurisdiction over SEVEN.

**1. There is no general jurisdiction—SEVEN is not "at home" in California.**

Google acknowledges that SEVEN (i) is a *Delaware* limited liability company that (ii) "*had* its principal place of business and headquarters" in this District until 2015 and that (iii) "*moved* its headquarters [to Marshall, Texas] in the summer of 2015." Complaint ¶¶ 4, 5, 8 (emphases added). Accordingly, it undisputed that neither SEVEN's place of incorporation nor its principal place of business are in this District, which means the only basis for exercising general jurisdiction over SEVEN would be a finding that its "affiliations with the State are so continuous and systematic as to render it essentially at home in [California]." *See Daimler* 134 S. Ct. at 760. Even assuming for the sake of argument that Google's allegations were true, they do not support a finding that SEVEN is "at home" anywhere but in Texas. *See, e.g., Delphix Corp. v. Embarcadero Techs., Inc.*, No. 16-cv-606-BLF, 2016 WL 4474631, at *6 (N.D. Cal. Aug. 25, 2016) (finding no general jurisdiction over a defendant that moved its principal place of business

---

[11] *See id.* ¶ 17.
[12] *See id.* ¶¶ 10, 13, 14.
[13] *See id.* ¶¶ 11, 12, 14.
[14] *See id.* ¶ 16.

from San Francisco to Austin, Texas, less than a year before the lawsuit was filed against it in California).

There is no general jurisdiction over SEVEN.

**2. There is no specific jurisdiction—SEVEN has not engaged in defense or enforcement activities related to the patents-in-suit in California.**

Google does not allege that SEVEN sent cease-and-desist letters to California related to the patents-in-suit or sued anyone in California for infringement of those patents. Nor does it claim that SEVEN has entered into an exclusive license agreement with someone in California. In fact, SEVEN has never sent cease-and-desist letters related to the patents-in-suit to anyone in California; neither it nor any allegedly related entity has brought suit in California alleging infringement of the patents-in-suit; and it has not entered into any exclusive license agreements for the patents-in-suit.[15] In short, SEVEN has not engaged in the defense or enforcement activities related to the patents-in-suit in California that are necessary to establish specific jurisdiction.

**a. Allegations that SEVEN previously had connections to California do not establish personal jurisdiction.**

That SEVEN was once headquartered in this District is not relevant to the specific-jurisdiction analysis. *See, e.g.*, *Delphix*, 2016 WL 4474631, at *6. It is undisputed that since 2015, SEVEN's headquarters have been in Marshall, Texas. The issue, therefore, is not whether SEVEN was once headquartered in California but whether it has engaged in defense or enforcement activities related to the patents-in-suit there. Google has not alleged any instances of such activity, nor can it show that SEVEN has ever engaged in them.[16] Likewise, it is immaterial that the patented inventions may have been conceived and developed in California. "[O]nly *enforcement or defense* efforts related to the patent[s] rather than the patentee's own commercialization efforts are to be considered for establishing specific personal jurisdiction in a

---

[15]  **Ex. A**: Bott Dec. ¶¶ 6–8.

[16]  **Ex. A**: Bott Dec. ¶¶ 6–8.

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO   – 7 –

declaratory judgment action against the patentee." *Autogenomics*, 566 F.3d at 1020 (emphasis added).

### b. Allegations that SEVEN attempted to license and exploit its patents in California do not establish personal jurisdiction.

Google's allegation that SEVEN attempted to license the patents in California is equally flawed. *See* Complaint ¶ 15. Licensing activities, alone, do not create specific jurisdiction. *See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) (holding specific jurisdiction is not proper where the patentee "has successfully licensed the patent in the forum state, even to multiple non-exclusive licensees, but . . . has no dealings with those licensees beyond the receipt of royalty income"). Only if a patentee enters into an *exclusive* license with a resident of the forum state will the patentee be subject to specific jurisdiction. And even then, the patentee must be obligated to enforce or defend the patent on behalf of the licensee. *See New World Int'l*, 859 F.3d at 1039 ("What matters . . . is whether the agreement between the patent holder and the exclusive licensee imposes an obligation on the patent holder to enforce or defend the patent on behalf of the licensee that is engaged in exploiting the patent rights in the forum state."). Google has not alleged that SEVEN is obligated to enforce or defend its patents on behalf of a California licensee—and again, SEVEN has not entered into any exclusive license agreements for the patents-in-suit.[17]

### c. Allegations that SEVEN previously brought declaratory-judgment actions of noninfringement in this District do not establish personal jurisdiction.

It is also irrelevant that "SEVEN Networks, Inc. . . . and SEVEN Networks International OY, a subsidiary of SEVEN Networks, Inc., have previously litigated in this District . . . ." Complaint ¶ 17. That two allegedly related companies may have previously litigated in this District is of no moment. The relevant question is whether SEVEN has *enforced the patents-in-suit* in California. *See, e.g., Xilinx*, 848 F.3d at 1353 ("[W]e have (appropriately) rejected the

---

[17]  **Ex. A**: Bott Dec. ¶ 8.

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO         – 8 –

existence of contacts concerning other patents as being pertinent to the minimum contacts analysis."); *Avocent*, 552 F.3d at 1334 ("[W]e have consistently required the defendant to have engaged in 'other activities' that related to the enforcement or the defense of the validity of *the relevant patents*." (emphasis added)). Neither SEVEN (nor any related company) has ever brought an infringement action in this District related to the patents-in-suit. Further, the suits cited by Google were not even enforcement actions. They were declaratory-judgment actions brought against Visto Corporation in response to accusations that SEVEN Networks, Inc. and SEVEN Networks International OY infringed *Visto's* patents.[18]

### d. Allegations that people associated with SEVEN live or work in this District do not establish jurisdiction.

According to Google, the founders of SEVEN Networks, Inc. reside in this District; two members of SEVEN's management team live in this District; and individuals who work for a company that has invested in SEVEN live and work in this District. *See* Complaint ¶¶ 10, 13, 14. Simply because such people allegedly live or work in this District does not mean the Court has jurisdiction over SEVEN. Stated differently, that the Court may be able to exercise general jurisdiction over these individuals does not mean it has specific jurisdiction over SEVEN. Again, the question is whether SEVEN has engaged in activities related to the defense or enforcement of the patents-in-suit in California, not whether certain individuals—including employees of SEVEN—live here. *See, e.g.*, *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 612–13 (5th Cir. 2008) (finding no jurisdiction over a company, even though two of its employees and a former director lived and worked in the forum).

---

[18] *See* **Ex. D**: Complaint for Declaratory Judgment, *SEVEN Networks, Inc. v. Visto Corp.*, No. 3:06-cv-03650-WHA (N.D. Cal. June 8, 2006) (ECF No. 1); **Ex. E**: Complaint for Declaratory Judgment, *SEVEN Networks OY v. Visto Corp.*, No. 5:07-cv-00783-JF (N.D. Cal. Feb. 6, 2007) (ECF No. 1); **Ex. F**: Civil Docket Sheet, *SEVEN Networks, Inc. v. Visto Corp.*, No. 3:04-cv-01614-EMC (N.D. Cal.).

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO    – 9 –

  **e. Allegations that a California company owns and invests in SEVEN do not establish jurisdiction.**

Google alleges that Fortress Investment Group, LLC formed SEVEN's predecessor, SEVEN Networks, Inc., and continues to invest in SEVEN "in order to enforce SEVEN's patents against companies in California." *See* Complaint ¶¶ 11, 12, 14. Even if they were true, these allegations would fail to establish jurisdiction over SEVEN for at least two reasons. First, regardless of Fortress's alleged intent in allegedly founding and funding SEVEN, SEVEN has not enforced the patents-in-suit in California. Without such enforcement actions, there is no jurisdiction. *See Radio Sys.*, 638 F.3d at 789. Second, if Google is suggesting that jurisdiction is proper because Fortress owns a controlling interest in SEVEN, such an interest would not establish jurisdiction. *See, e.g.*, *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302 (9th Cir. 1986) ("[A] parent corporation's ties to a forum do not create personal jurisdiction over the subsidiary.").

  **f. Allegations that SEVEN requires its licensees to litigate in this District do not establish jurisdiction.**

Finally, Google alleges that SEVEN requires its licensees "to submit to the exclusive jurisdiction of courts in California, including the Northern District of California." Complaint ¶ 16 (citing Ex. BB to Google's First Amended Complaint: "Terms of Use" page from SEVEN's website; and Ex. CC: End User License Agreement for SEVEN software products). But here again, such venue provisions in license agreements for SEVEN's software products are unrelated to the enforcement or defense of the patents-in-suit. That SEVEN is allegedly willing to litigate disputes related to its license agreements does not mean it is willing to submit to this Court's jurisdiction in a declaratory-judgment action of noninfringement related to the patents-in-suit.

*****

In sum, Google has not shown and cannot show that SEVEN is subject to specific personal jurisdiction in California. SEVEN is a Delaware limited liability company with its principal place of business in Marshall, Texas. It has not sent cease-and-desist letters to anyone in

California related to the patents-in-suit (or related to anything else). It has not granted an exclusive license to any of the patents-in-suit to anyone in California (or to anyone else). It has never brought or threatened to bring claims under the patents-in-suit against anyone in California. Put plainly, SEVEN has had no contacts with California "that relate in some material way to the enforcement or defense of the patents at issue." *Avocent*, 552 F.3d at 1324.[19]

There is no specific jurisdiction over SEVEN.

Lacking both general and specific personal jurisdiction over SEVEN, this case should be dismissed.

## ALTERNATIVE MOTION TO DISMISS
## OR STAY UNDER THE FIRST-TO-FILE RULE

If the Court determines that SEVEN is subject to personal jurisdiction in this case, SEVEN requests alternative relief under the "first-to-file" rule. The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982).

---

[19] *Cf., e.g.*, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) (finding jurisdiction over a patentee based on "extra-judicial patent enforcement," namely, enlisting a third party to remove the defendant's products from a trade show that was being held in the forum state); *Breckenridge*, 444 F.3d at 1366 ("Here, in addition to sending letters into the forum state, . . . Metabolite has entered into an *exclusive* license with PamLab, a company that . . . conducts business in Florida." (emphasis added)); *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003) (noting that "*[e]xclusive* license agreements with respect to the patents at issue with residents of the forum . . . have, at least in some circumstances, been held sufficient to confer personal jurisdiction" (emphasis added)); *Inamed*, 249 F.3d at 1361 (finding jurisdiction over a patentee who had previously "granted [the plaintiff] an *exclusive* license to practice the inventions claimed in the [relevant] patents" (emphasis added)); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 430 (Fed. Cir. 1996) (finding jurisdiction where "according to their own submission to this court, [the defendants] have *initiated a suit seeking to enforce the same patent* that is the subject of this suit against other parties, unrelated to this action, *in the same district court*" (emphasis added)); *Akro Corp. v. Luker*, 45 F.3d 1541, 1543, 1548–49 (Fed. Cir. 1995) (finding jurisdiction over patentee who had *exclusively* licensed the plaintiff's local competitor to practice the relevant patent, where the license agreement also "oblige[d] [the patentee] *to defend and pursue any infringement against the [relevant] patent*" (emphasis added) (quotation marks omitted)).

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO     – 11 –

"Thus, '[w]hen two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed.'" *Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-cv-6371-BLF, 2017 WL 1065334, at *1 (N.D. Cal. Mar. 21, 2017) (quoting 14D Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3823 (3d ed. 2011)). In patent litigation, "[t]he first-filed action is preferred . . . unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quotation marks omitted).

Three factors should be considered in deciding whether to apply the first-to-file rule: (i) the chronology of the two actions; (ii) the similarity of the parties; and (iii) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-cv-5227-WHO, 2014 WL 1365491, at * 8–9 (N.D. Cal. Apr. 7, 2014) (citing same). All three factors are met here. The Texas suit predates Google's declaratory-judgment action by nearly three months; the parties are identical; and the infringement issues Google raises here are a mirror image of the infringement claims asserted by SEVEN in Texas. Further, no recognized exception to the first-to-file rule applies. SEVEN brought its claims against Google in good faith and in the judicial district where SEVEN's business is located. *See Alltrade*, 946 F.2d at 628 ("The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." (citations omitted)). Although Google may argue that venue is improper in the Eastern District of Texas or more convenient here, the court in the first-filed Texas action should (and will) decide the venue issue, as Google has filed motions in that court to dismiss for improper venue under Rule 12(b)(2) and to transfer under 28 U.S.C. § 1404(a).[20] *See, e.g.*,

---

[20] Further, SEVEN's case against Google in the Eastern District of Texas has been consolidated with a related case against Samsung (*SEVEN Networks, LLC v. Samsung*

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO   – 12 –

*Pacesetter*, 678 F.2d at 96 (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action).

Accordingly, if the Court declines to dismiss this suit for lack of personal jurisdiction, it should either be dismissed in accordance with the first-to-file rule or stayed pending the Texas court's rulings on Google's venue motions.

## CONCLUSION

As set forth above, this case should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction because SEVEN is not incorporated in California, its principal place of business is not in California, and it has not sought to enforce or defend the patents-in-suit in California. In the alternative, the case should be dismissed or stayed under the first-to-file rule because the Texas case was filed first, and it involves the same parties and issues.

THEREFORE, SEVEN respectfully requests that the Court dismiss this action or, in the alternative, stay it until the Texas court rules on Google's venue-related motions.

---

*Electronics America, Inc., et al.*, No. 2:17-cv-441-JRG (E.D. Tex.)), that involves many of the same patents and issues. Both cases are well under way. Infringement contentions have been served; invalidity contentions are due to be served on November 15, 2017; document production has begun; and the court entered a scheduling order setting jury selection for November 5, 2018. *See* **Ex. G**: Docket Control Order, *Seven Networks, LLC v. Google Inc.*, No. 2:17-cv-442-JRG, No. 2:17-cv-441-JRG (E.D. Tex. Oct. 12, 2017) (ECF No. 81).

| | | |
|---|---|---|
| 1 | Dated: November 15, 2017 | /s/ *Marc Belloli* |
| 2 | | Max Ciccarelli (Admitted Pro Hac Vice) |
| | | max.ciccarelli@tklaw.com |
| 3 | | Vishal Patel (Admitted Pro Hac Vice) |
| | | vishal.patel@tklaw.com |
| 4 | | Bruce Sostek (Admitted Pro Hac Vice) |
| | | bruce.sostek@tklaw.com |

THOMPSON & KNIGHT LLP
1722 Routh St., Ste. 1500
Dallas, TX  75201
Tel:    (214) 969-1700
Fax:    (214) 969-1751


Elizabeth Day (SBN 177125)
  eday@feinday.com
Marc Belloli (SBN 244290)
  mbelloli@feinday.com

FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Tel.:   (650) 618-4360
Fax:    (650) 618-4368

*Attorneys for Defendant*
SEVEN Networks, LLC

SEVEN Networks's Renewed Motion to Dismiss—3:17-cv-04600-WHO     – 14 –